AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
      ☐ SUPERSEDING

**OFFENSE CHARGED**

Counts 1-3: 18 U.S.C. sections 1341 and 1346 (mail fraud)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

E-filing

**PENALTY:**
Each count: 20 years in prison; $250,000 fine; 3 years supervised release; $100 mandatory special assessment

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ William Benson Peavey, Jr.

**DISTRICT COURT NUMBER**

CR 08    0407
                                JSW

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶   Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year _____

Name and Office of Person Furnishing Information on THIS FORM   JOSEPH P. RUSSONIELLO
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Jeffrey R. Finigan

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☑ Arraignment  ☐ Initial Appearance

Defendant Address:
202 Alta Vista Drive
South San Francisco, CA 94080

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: July 15, 2008 @ 9:30 a.m.

Before Judge: Maria-Elena James, U.S. Magistrate Judge

Comments:

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

FILED
'08 JUN 19 PM 1:28

E-filing

UNITED STATES OF AMERICA,

V.

CR 08 0407 JSW

WILLIAM BENSON PEAVEY, JR.

DEFENDANT(S).

## INDICTMENT

18 U.S.C. Sections 1341 and 1346 - Mail Fraud

___INDICT___
A true bill.

_____
Foreman

Filed in open court this ___19___ day of ___June 2008___

_____

Simone Voltz
Summons for 7/21/08                   Clerk

_____ Bail, $ _____

C08-407 JSW

| | |
|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CASBN 44332) |
| 2 | United States Attorney |

FILED
08 JUN 19 PM 1:29

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08 0407 |
| Plaintiff, | |
| | VIOLATIONS: 18 U.S.C. §§ 1341 and 1346 – Mail Fraud |
| v. | |
| | SAN FRANCISCO VENUE |
| WILLIAM BENSON PEAVEY, JR., | |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

COUNTS ONE THROUGH THREE: (18 U.S.C. §§ 1341 and 1346 – Mail Fraud)

INTRODUCTION

At all times relevant to this Indictment:

1.  Defendant WILLIAM BENSON PEAVEY, JR. (hereafter PEAVEY) was an attorney licensed to practice law in the State of California. He began practicing law in

INDICTMENT



1 approximately 1973.

2. PEAVEY ran a small law office, the Peavey Law Firm (hereafter the "Firm"), located at 160 Spear Street, San Francisco, California, where he employed a small staff and one or two associate attorneys at various times. PEAVEY was typically retained on a contingency-fee basis, and PEAVEY specialized in litigation involving personal injury claims.

3. The Firm maintained a client trust account at Wells Fargo Bank that was used for the deposit and disbursement of client funds.

4. On July 23, 2003, by Order of the Supreme Court of California, PEAVEY was suspended from the practice of law for three years, with execution of the suspension stayed, and placed on probation for three years on the condition that he be actually suspended from the practice of law for two years and until conditions enumerated in the Order were satisfied. The effective date of the suspension was August 22, 2003.

## DUTY OF HONEST SERVICES

5. Attorneys practicing law in California owe both a fiduciary duty to their clients and a duty of loyalty to act in their clients' best interests, both financially and otherwise, and to comply with the California Rules of Professional Conduct.

6. Rule 1-110 of the California Rules of Professional Conduct requires an attorney to comply with any disciplinary order, including an order related to an attorney's ability to practice law.

7. Rule 4-100 of the California Rules of Professional Conduct imposes certain rules regarding an attorney's handling of settlement funds belonging to clients, including, but not limited to, the following:

    a. All funds held for the benefit of clients must be placed in a client trust account that is separate from the attorney's own funds.

    b. An attorney is prohibited from using or borrowing any of the funds in a client trust account for his or her own benefit, even temporarily.

    c. An attorney's client trust account must, at all times, contain all of the funds received or held for the benefit of clients.

INDICTMENT                              2

|   |   |
|---|---|
| 1 |       d.     An attorney must keep a complete and accurate record of all funds held for |

1       d.     An attorney must keep a complete and accurate record of all funds held for
2 the benefit of clients. The attorney's responsibility to safeguard funds in the client trust account
3 cannot be delegated to other individuals.
4       e.     An attorney must promptly notify the client whenever he or she receives
5 settlement funds or other property on a client's behalf.
6       f.     An attorney is required to pay or deliver all funds belonging to a client
7 promptly upon the client's request.

## THE SCHEME TO DEFRAUD

8. From in or about January 2002 through January 2004, in the Northern District of California and elsewhere, the defendant

**WILLIAM B. PEAVEY, JR.**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud his clients by depriving them of their intangible right to his honest services as their attorney.

9. It was part of the scheme that PEAVEY, acting contrary to his fiduciary duty as an attorney, knowingly misused and converted money belonging to his clients for his own benefit, and for the benefit of others, without the clients' knowledge or consent.

10. It was further a part of the scheme that PEAVEY deliberately concealed his wrongdoing from his clients and from others, and further violated his duty to provide honest services to his clients, in the following ways, among others:

    a.     PEAVEY both failed to advise clients that he had payments on behalf of the clients as settlement of their claims and that he had deposited those funds to the client trust account;

    b.     PEAVEY failed to inform clients that he had used all or part of their settlement funds for purposes unrelated to their own cases, including personal expenditures and payments to other clients; and

    c.     PEAVEY both failed to advise his clients and others that he was suspended from the practice of law and practiced law on behalf of clients while he was so suspended;

INDICTMENT                               3

## CLIENT A

11.   In April 2002, Client A hired PEAVEY to represent her in connection with an auto accident.

12.   In or about August 2003, PEAVEY settled Client A's claim for $9,000.00. State Farm Mutual Automobile Insurance Company issued a check in that amount on or about August 5, 2003, and mailed it to the law firm of Pave & Bogaards, counsel for the defendant in Client A's civil case. Defense counsel in Client A's civil case thereafter delivered the check to PEAVEY on or about August 14, 2003.

13.   Upon receiving the check described in Paragraph twelve, PEAVEY endorsed Client A's name on the check and deposited it into his client trust account on or about August 14, 2003. PEAVEY did not tell Client A that he received the check and Client A did not give PEAVEY permission to sign her name on the check.

14.   PEAVEY never paid Client A any money from her settlement and failed to reimburse Client A's insurance carrier for medical expenses. PEAVEY withdrew Client A's settlement funds from his client trust account and used the money for purposes unrelated to Client A's case. PEAVEY never informed Client A that PEAVEY transferred the settlement funds out of his client trust account and used the money for purposes unrelated to Client A's case.

## CLIENT B

15.   In August 2002, Client B hired PEAVEY to represent her in connection with a dog bite incident.

16.   On or about August 18, 2003, during settlement negotiations related to Client B's case, PEAVEY mailed a letter to defense counsel stating that Client B would settle the case for $15,000. The matter ultimately settled for $12,000. PEAVEY told Client B that she would receive approximately $6,000 to $7,000 after deducting attorney's fees and expenses from the settlement.

17.   Effective August 22, 2003, PEAVEY was suspended from the practice of law. On or about November 3, 2003, Farmers Insurance Group issued a check for $12,000 as payment of

INDICTMENT                                          4

1  the settlement described in Paragraph sixteen. Upon receiving the Farmers' check, PEAVEY
2  endorsed Client B's name on the check and deposited it into his client trust account on or about
3  November 3, 2003. Client B did not give PEAVEY permission to sign her name on the check.
4  By November 4, 2003, PEAVEY had withdrawn no less than $11,800 of Client B's settlement
5  funds from his client trust account and used them for purposes unrelated to Client B's case.

6      18.    After PEAVEY used Client B's settlement funds as described in Paragraph
7  seventeen, Client B asked PEAVEY when Client B was going to receive the settlement funds.
8  PEAVEY told Client B and Client B's husband on several occasions that he had to wait for a bill
9  from one of Client B's lien holders before he could release the funds to her.

10      19.    PEAVEY never paid Client B any money from the settlement. PEAVEY never
11  informed Client B that he had transferred the settlement funds out of his client trust account and
12  used the money for purposes unrelated to Client B's case. PEAVEY never informed Client B
13  that during part of the time when he was providing advice and legal services to her, PEAVEY
14  was suspended from the practice of law.

15  CLIENT C

16      20.    In June 2002, Client C hired PEAVEY and PEAVEY's associate to represent him
17  in connection with a dog bite incident.

18      21.    Effective August 22, 2003, PEAVEY was suspended from the practice of law. On
19  or about August 22, 2003, during settlement negotiations related to Client C's case, PEAVEY
20  mailed a letter to defense counsel stating that Client C would settle the case for $50,000. The
21  matter ultimately settled for $17,500. On or about November 19, 2003, at PEAVEY's direction,
22  Client C went to PEAVEY's office and signed a settlement agreement in the amount of $17,500.
23  Client C never heard from PEAVEY again and never received any money from PEAVEY.

24      22.    On or about December 2, 2003, the defendant in Client C's dog bite case issued a
25  check for $17,500 as payment of the settlement described in Paragraph twenty-one. Upon
26  receiving the check, PEAVEY endorsed Client C's name on the check and deposited it into his
27  client trust account on or about December 4, 2003. PEAVEY did not tell Client C that he
28  received the check and Client C did not give PEAVEY permission to sign his name on the check.

INDICTMENT                                              5

23. PEAVEY never paid Client C any money from his settlement. PEAVEY withdrew Client C's settlement funds from his client trust account and used the money for purposes unrelated to Client C's case. PEAVEY never informed Client C that he had transferred the settlement funds out of his client trust account and used the money for purposes unrelated to Client C's case. PEAVEY never informed Client C that during part of the time when he was providing advice and legal services to him, PEAVEY was suspended from the practice of law.

## USE OF THE MAIL

24. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice to defraud, PEAVEY caused to be placed in a post office and authorized depository for mail the items listed below to be sent and delivered by the United States Postal Service according to the directions thereon:

| Count | Approximate Date of the Mailing | Description of Item Mailed |
|---|---|---|
| ONE | August 5, 2003 | Check for $9,000.00 made payable to Client A and PEAVEY from State Farm Mutual Automobile Insurance Company to the law firm of Pave & Bogaards in Client A's case |
| TWO | August 18, 2003 | Letter, signed by PEAVEY, addressed to opposing counsel in Client B's case |
| THREE | August 22, 2003 | Letter, signed by PEAVEY, addressed to opposing counsel in Client C's case |

///

///

///

INDICTMENT                                6

All in violation of Title 18, United States Code, Sections 1341 and 1346.

DATED: 6-19-08

A TRUE BILL.

/s/ _____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ _____
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: /s/ _____ )
AUSA Jeffrey R. Finigan

INDICTMENT                                    7